[J-81A-2025 and J-81B-2025] [MO: Donohue, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 90 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 373 MDA |
| | : | 2023 dated March 19, 2024 |
| v. | : | Reversing and Remanding the |
| | : | Order of the Bradford County |
| | : | Court of Common Pleas, Criminal |
| SCOTT LEE SUTTON, | : | Division, at No. CP-08-CR- |
| | : | 0000613-2022 dated February 8, |
| Appellant | : | 2023. |
| | : | |
| | : | ARGUED: October 8, 2025 |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 104 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 249 MDA |
| | : | 2023 entered on April 22, 2024, |
| v. | : | Reversing and Remanding the |
| | : | Order of the Bradford County |
| | : | Court of Common Pleas, Criminal |
| COREY MICHAEL STROPE, | : | Division, at No. CP-08-CR- |
| | : | 0000536-2022, entered on |
| Appellant | : | January 12, 2023 |
| | : | |
| | : | ARGUED: October 8, 2025 |

## DISSENTING OPINION

**JUSTICE MUNDY**                                         **DECIDED: July 21, 2026**

For the third time in recent years the Court granted allowance of appeal to address an issue related to the use of hearsay evidence to establish a *prima facie* case at a preliminary hearing. *See Commonwealth v. McClelland*, 233 A.3d 717 (Pa. 2020); *Commonwealth v. Harris*, 315 A.3d 26 (Pa. 2024). Today, for the first time, the majority declines to address the substantive issue. Rather, the majority determines we lack

jurisdiction to hear appeals challenging the determination of whether or not the Commonwealth met its *prima facie* burden. For the following reasons I cannot agree with that decision.

In *McClelland* the defendant was charged with several criminal offenses related to the sexual abuse of an eight-year-old child. At the preliminary hearing the Commonwealth relied solely on the hearsay testimony of the investigating state trooper to meet its *prima facie* burden. After the magistrate bound the charges over, the defendant filed a motion for a writ of *habeas corpus* arguing that allowing the case to proceed to trial based solely on hearsay evidence violated his rights of confrontation and due process. The trial court denied the motion and the defendant filed an interlocutory appeal. The Superior Court affirmed and this Court granted allowance of appeal to address whether the Superior Court erred in concluding hearsay evidence alone is sufficient to establish a *prima facie* case at a preliminary hearing. *McClelland*, 233 A.3d at 721. Before this Court the Commonwealth argued that interlocutory appellate review was inappropriate. *Id.* at 732 n. 8. We declined to address the Commonwealth's arguments, finding they were "beyond the scope of the issue upon which *allocatur* was granted." *Id.* Then in *Harris* we considered whether the Commonwealth was able to sustain its *prima facie* burden at a preliminary hearing by proving a defendant's identity solely through inadmissible hearsay evidence. The parties in *Harris* did not raise the jurisdictional issue and the Court did not address it *sua sponte*.

In the two companion cases *sub judice* we granted allowance of appeal to address the issue of whether the Superior Court's holding below that the Commonwealth could carry its *prima facie* burden at a preliminary hearing by establishing a defendant's identity solely through inadmissible hearsay evidence when a confidential informant was being utilized erroneously created an exception to our holding in *Harris*. *See Commonwealth*

*v. Sutton*, 329 A.3d 1124 (Pa. 2024) (per curiam); *Commonwealth v. Strope*, 330 A.3d 1251 (Pa. 2024) (per curiam). Unlike in *Harris*, defendants here raise the jurisdiction issue, albeit for the first time in their briefing before this Court. Similar to *McClelland*, however, that issue is beyond the scope of the issue we granted allowance of appeal on. When the Court inconsistently invokes jurisdiction to decline to consider an issue after considering similar issues under nearly identical circumstances it creates, at the very least, the appearance that the Court will ignore jurisdictional requirements if a majority of the Court wants to answer a question but strictly enforce those same requirements if it does not wish to address the question. If the rule moving forward is that our appellate courts lack jurisdiction to consider "an appeal from an interlocutory order granting a habeas petition that dismisses **all** of the charges when the Commonwealth has the ability to reinstate those charges[,]" Maj. Op. at 29-30 (emphasis in original), so be it. But that rule should not be applied selectively. In my view, to be consistent with the position the Court took in *McClelland*, we should not invoke jurisdiction to avoid addressing the substantive issue before us.

Additionally, the majority's position that the Commonwealth could simply refile the charges does not help resolve the question of whether the Commonwealth can rely on inadmissible hearsay evidence to carry its *prima facie* burden to prove a defendant's identity at a preliminary hearing when a confidential informant has been utilized. That is a legal, rather than factual, question that a new preliminary hearing cannot answer. Thus, the Commonwealth should be permitted to appeal the dismissal of charges in the current cases pursuant to Pa.R.A.P. 311(d) ("In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution."). The majority

acknowledges the Commonwealth's docketing statement in the Strope case indicates that it was appealing a pretrial order and that it complied with Rule 311(d). Maj. Op. at 13 n. 14. According to the majority however, nothing in the record indicates the Commonwealth followed the procedure to certify its appeal pursuant to the rule and its Superior Court brief indicated it was appealing from a final order. *Id.* Consequently, the majority concludes the Court "must continue to treat the appeal as if it were intended to be an appeal of a final order, as indicated by the Commonwealth." *Id.* I find it difficult to criticize the Commonwealth for failing to strictly comply with Rule 311(d) when we so recently permitted a Commonwealth appeal under similar circumstances in *Harris* without requiring the Commonwealth to follow the requirements of Rule 311(d). *See Harris*, 315 A.3d at 31 (observing the Commonwealth appealed from the trial court's grant of defendant's motion to quash all charges but not discussing if it was a direct appeal or an interlocutory appeal as of right pursuant to Rule 311(d)).

      For these reasons, I respectfully dissent.